**TREE et ux. v. UNITED STATES.**

No. 47002.

Court of Claims.

Feb. 2, 1948.

Allen H. Gardner, of Washington, D.C. (Morris Kix-Miller & Baar, of Washington, D.C., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D.C., and Sewall Key, Acting Asst.Atty.Gen. (Robert N. Anderson and Andrew D. Sharpe, both of Washington, D.C., on the brief), for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

LITTLETON, Judge.

These plaintiffs, who are citizens of Great Britain and reside at Oxfordshire, England, were before this Court in another action in which a judgment was entered in their favor on October 2, 1944, on account of an overpayment of tax in the amount of $8,983.43 with interest according to law. Tree v. United States, 55 F.Supp. 438, 102 C.Cl. 128. In determining the amount of interest due pursuant to that judgment under the statute in effect at the time it was entered, the Commissioner computed interest from the applicable dates of payment in 1934 to December 6, 1941, in the amount of $3,-992.89. Thereafter, by check dated November 13, 1945, payment was made to plaintiffs of the principal amount of the judgment plus the interest as thus computed by the Commissioner.

The error assigned by plaintiffs in this suit is that interest should have been computed on the judgment in the prior proceeding to a date not more than thirty days preceding November 13, 1945, the date of the refund check, instead of to December 6, 1941, and in support thereof they rely on Section 3771 (a) and (b) (2) of the Internal Revenue Code, 26 U.S.C.A.Int. Rev.Code, § 3771 (a), (b) (2), which so far as here material, reads as follows:

"(a) Rate. Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the rate of 6 percentum per annum.

"(b) Period. Such interest shall be allowed and paid as follows:

\* \* \* \* \* \*

"(2) Refunds. In the case of a refund, from the date of the overpayment to a

date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer. * * *"

Without more plaintiffs would, of course, be entitled to the judgment sought. However, by Section 507 of the Revenue Act of 1942, Section 3804 was added to the Internal Revenue Code, 26 U.S.C.A.Int.Rev. Code, § 3804, which reads in part as follows:

"(a) Individuals. The period of time after December 6, 1941, during which an individual is continuously outside the Americas (if such period is longer than ninety days), and the next ninety days thereafter, shall be disregarded in determining, under the internal revenue laws, in respect of any tax liability (including any interest, penalty, additional amount, or addition to the tax) of such individual—

\* \* \* \* \* \*

"(2) The amount of any credit or refund (including interest)."

■ Plaintiffs are individuals who, as shown by our findings, were continuously outside the Americas for a period of more than ninety days within the meaning of that section. It is true that they were within the United States for certain short periods during the time in question but there is no evidence that they furnished notice to the Commissioner of such entry as required by his regulations, which we think reasonable, and plaintiffs state that they are not basing their right of recovery on their presence within the United States after December 6, 1941.

■ Plaintiffs admit that Section 3804 would qualify the more general provisions of Section 3771 if the two sections were otherwise in conflict but urge that an interpretation can be given to Section 3804 which would make unnecessary the limitation applied by the Commissioner. We cannot agree. The statute provides that the period of time after December 6, 1941, during which individuals are continuously outside the Americas, as were plaintiffs,

shall be disregarded in determining the amount of any credit or refund, including interest. The same section lists various other circumstances in connection with which under similar conditions the period of time after December 6, 1941, shall be disregarded, including the filing of various Federal tax returns, the filing of petitions with the Tax Court, the assessment and collection of taxes, the bringing of suits by taxpayers and the Commissioner with respect to any tax, and other similar acts. In general the time so disregarded does not affect the principal amount of tax liability, but rather has to do primarily with the time when certain acts shall be performed. The only provision which refers to a disregard of time in determining an "amount" is that with which we are concerned and it reads "The amount of any credit or refund (including interest)." The factor which would ordinarily affect the amount of any credit or refund through a disregard of time would be the amount of interest which would be added to the principal sum. We think, therefore, the statute reasonably interpreted means that in computing the amount of a credit or refund (including interest) in favor of individuals situated as were these plaintiffs, the time for which interest is allowable shall not include any period of time after December 6, 1941.

■ Another consideration is that the statute is not couched in discretionary language but states in unqualified terms that such period of time "shall be disregarded." The second portion of the same section (3804 (b)) deals with situations to which the first portion is not applicable and as to those situations it is left to the Commissioner, under appropriate regulations, to determine whether it is "impossible or impracticable to perform" the acts specified within the time required. That, however, is not true of the portion applicable to plaintiffs, without regard to whether their absence from the Americas affected their claim for refund or the outcome of this suit.

It accordingly follows that the petition must be dismissed. It is so ordered.