## HIGGINSON v. UNITED STATES.

### No. 46076.

United States Court of Claims.

Jan. 8, 1952.

Dewey R. Roark, Jr., Washington, D. C., for plaintiff. Geo. E. H. Goodner Washinton, D. C., on the brief.

John A. Rees, Washington, D. C., with whom was Asst. Atty. Gen. Theron Lamar Caudle, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

PER CURIAM.

This case was decided on the merits by this court on December 6, 1948, 81 F.Supp. 254, 113 Ct.Cl. 131. No issue was presented as to the amount of interest to which the plaintiff woud be entitled on the amount of any recovery under the terms of the statute relating to interest on overpayments. The case involved alleged overpayments of income tax for the years 1937 to 1940, inclusive. The court upon findings of fact and opinion entered the following conclusion of law:

"Upon the foregoing special findings of fact which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is entitled to recover.

"Entry of judgment for the total amount due, with interest, will be suspended to await the filing by the parties of a stipulation showing the amounts of the overpayments for 1937 to 1940, inclusive, together with the amounts on which and the dates from which interest *as provided by law* should be computed." [Italics supplied.]

Thereafter, pursuant to this conclusion of law, the parties filed a stipulation setting forth a computation of the overpayments of tax, totaling $5,303.99, and stated therein

that the court may enter judgment for the plaintiff for such amount "with interest thereon at six per cent per annum from the dates and on the amounts as follows." Following this was a tabulation of the dates on which plaintiff had made overpayments of tax and the amounts of such overpayments beginning in 1938 and ending 1943. Upon this stipulation, and plaintiff's motion for judgment, the court pursuant to its conclusion of law above quoted, entered the following order:

"It is ordered this fourth day of April 1949, that plaintiff's motion for judgment be and the same is allowed, and judgment is entered for the plaintiff in the sum of five thousand three hundred three dollars and ninety-nine cents ($5,303.99) with interest at six (6) percent per annum from the dates and on the amounts as follows:

"December 8, 1938 ......$2,008.79
March 7, 1939 ......... 234.66
March 12, 1940 ........ 304.64
October 15, 1942 ....... 2,344.26
June 30, 1943 .......... 411.64
"By the Court.
"(s) Marvin Jones,
"Chief Judge."

When the Commissioner of Internal Revenue came to compute the interest payable to the plaintiff under the terms of the statutes in force, he computed such interest by excluding therefrom interest on such overpayments during the time that plaintiff was outside the Americas, as required by Section 3804 of the Internal Revenue Code, 56 Stat. 961; 26 U.S.C.A. § 3804. In other words, the Commissioner of Internal Revenue interpreted the conclusion of law and the order and judgment of the court entered April 4, 1949, as holding that plaintiff was only entitled to interest as provided by law.

The plaintiff protested the Commissioner's computation of interest and brought suit in the District Court of the United States for the District of Columbia, A. Henry Higginson v. George J. Schoeneman, John W. Snyder and Georgia Neese Clark, et al., No. 10834, for a mandatory order, requiring the defendants to pay a balance alleged to be due as interest upon the judgment of this court of April 4, 1949, supra, the posi-

tion of the plaintiff in that case being that under the judgment of this court interest at 6 percent per annum should be paid upon the amounts of the overpayments determined from the dates of such overpayments, to a date not more than thirty days preceding the date of the refund check, as determined by the Commissioner, 26 U.S.C.A. 3771(a)(2), without regard to the provisions of section 3804, supra.

The District Court dismissed the complaint, and, upon appeal, the Court of Appeals, D.C.Cir.; 190 F.2d 32, at page 35, held, so far as here material, as follows: "The judgment of the lower court is therefore reversed and this suit is remanded with instructions to grant a mandatory order that the judgment of the Court of Claims be paid unless within thirty days from the date of this decision the appellees shall have applied to the Court of Claims for an order modifying the decree of that Court. If the order is not or cannot be modified, the mandatory order shall nonetheless issue."

Pursuant to this opinion, the defendant filed this motion within thirty days, asking this court to interpret its order and judgment of April 4, 1949, and to enter an order modifying the same so as to show that the interest at 6 percent per annum on the overpayments, determined from the dates mentioned, was, under said order and judgment, to be computed in accordance with the existing law.

The motion of the Government has been submitted upon the briefs and arguments of counsel. It is agreed that plaintiff was outside the Americas during the period for which the Commissioner of Internal Revenue refused to allow and pay interest on the overpayments, under Section 3804, supra. See Ronald L. Tree, et al. v. United States, 75 F.Supp. 467, 110 Ct.Cl. 175.

In its conclusion of law entered December 6, 1948, and in the order of April 4, 1949, entering judgment in favor of plaintiff for the overpayments found to be due with interest at 6 percent per annum, the court intended and concluded as a matter of law that plaintiff was entitled to interest on such overpayments from the dates mentioned, as provided by law. The conclusion of law expressly so stated. The failure of the

court to include in said order and judgment of April 4, the words "as provided by law" which had been used in the court's conclusion of law, and upon the basis of which the order of April 4, was entered, was due to an inadvertence. Accordingly, the court now interprets its judgment of April 4, 1949, as holding that plaintiff was only entitled to interest as provided by existing law. The order of April 4, 1949, is therefore modified *nunc pro tunc* to read as follows: "It is ordered this fourth day of April 1949, that plaintiff's motion for judgment be and the same is allowed, and judgment is entered for the plaintiff in the sum of five thousand three hundred three dollars and ninety-nine cents ($5,303.99) with interest at six (6) percent per annum as provided by law, from the dates and on the amounts as follows:

"December 8, 1938.....$2,008.79
March 7, 1939......... 234.66
March 12, 1940........ 304.64
October 15, 1942........2,344.26
June 30, 1943.......... 411.64"

A modified order will be entered accordingly.

It is so ordered.